O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE L. GONZALEZ and GLORIA SEDENO,<br><br>             Plaintiffs,<br><br>     v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,<br><br>             Defendant. | Case № 5:21-cv-01977-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [15] AS UNOPPOSED** |

Pending before the Court is Defendant Mercedes-Benz USA, LLC's Motion to Dismiss and Motion to Strike Plaintiffs Jose L. Gonzalez and Gloria Sedeno's Complaint. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 15.) After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the January 24, 2022 hearing is **VACATED**.

On November 22, 2021, Plaintiffs initiated this lemon-law action against Defendant pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly"), California Civil Code sections 1790 *et seq.* (*See* Compl., ECF No. 1.) On

1  December 21, 2022, Defendant filed the present Motion and noticed a hearing on
2  January 24, 2022.  Plaintiffs were thus required to file any opposition no later than
3  January 3, 2022.  *See* C.D. Cal. L.R. 7-9 (requiring a party opposing a noticed motion
4  to file an opposition no later than twenty-one days before the designated hearing date).
5  Plaintiffs have not filed an opposition to the Motion or any other response.

6        Central District Civil Local Rule 7-12 provides that a failure to file a required
7  responsive document such as an opposition may be deemed as consent to the granting
8  of the motion.  C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.
9  1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's
10 failure to oppose motion as required by local rules).  Prior to dismissing an action
11 pursuant to a local rule, courts must weigh: (1) the public interest in expeditious
12 resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice
13 to the defendants, (4) public policy favoring disposition of cases on the merits, and
14 (5) the availability of less drastic measures.  *Id.* at 53 (quoting *Henderson v. Duncan*,
15 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors
16 are not required."  *Ismail v. County of Orange*, SACV 10-00901 VBF (AJW),
17 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d
18 at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert.*
19 *denied*, 488 U.S. 819 (1988)).  In *Ghazali*, the Ninth Circuit found these factors
20 satisfied where the plaintiff received notice of the motion and had ample opportunity
21 to respond yet failed to do so.  *See* 46 F.3d at 54.

22       Consideration of the *Ghazali* factors convinces the Court that granting the
23 Motion is appropriate.  Plaintiffs are represented by an attorney in this matter, Mr.
24 Kevin Y. Jacobson, a registered CM/ECF user who receives notice of the electronic
25 filings in this action.  Therefore, Plaintiffs received notice of the Motion and had
26 ample opportunity to respond but have failed to do so.  Further, Defendant's counsel
27 contacted Plaintiffs' counsel twice before filing the Motion; she received no response.
28 (Decl. Mehgan Gallagher ¶ 4, ECF No. 15-1.)  Additionally, Plaintiffs were recently

active in this litigation, having served Defendant and then having filed the Proof of Service less than one month ago. (*See* Proof of Service, ECF No. 10.) Plaintiffs offer no explanation for their sudden silence, nor do they offer any excuse for failing to oppose or otherwise respond. As such, the Court construes Plaintiffs' failure to respond to Defendant's Motion as consent to the Court granting it.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiffs' Complaint. (ECF No. 15.) The Court will issue Judgment.

**IT IS SO ORDERED.**

January 13, 2022

---
      **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**